IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

HENRY LEE CRAIG, #76582                                                          PLAINTIFF

v.                                                        CAUSE NO. 1:16-cv-373-LG-RHW

JEROME LORRAINE,
LOUIE MILLER and
JAMES B. COMEY                                                                 DEFENDANTS

MEMORANDUM OPINION AND ORDER
DISMISSING PLAINTIFF'S COMPLAINT

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Henry Lee Craig, an inmate of the Mississippi Department of Corrections, brings this *pro se* Complaint seeking monetary damages and injunctive relief. Craig is proceeding *in forma pauperis*. *See* Order [10]. The named Defendants are: Jerome Lorraine, FBI Agent; Louie Miller, FBI Agent; and James B. Comey, FBI Director. The Court, having liberally construed Craig's Complaint [1] and Amended Complaint [7] in consideration with the applicable law, finds that this case should be dismissed.

I.     Facts and Procedural History

In 2011, Craig was convicted of murder in the Jackson County Circuit Court and sentenced to life imprisonment. *Craig v. State*, 110 So. 3d 807, 808 (Miss. Ct. App. 2012). Craig's conviction arises from a shooting that occurred in May of 2009. *Id.* Agent Lorraine testified at Craig's trial regarding statements Craig made to him about the shooting and the victim. *Id.* at 809. According to Craig, Agents Lorraine

and Miller conspired to conceal evidence of a crime from Director Comey. Compl. [1] at 4. Craig also claims that Lorraine and Miller conspired with the prosecutor's office "by concealing evidence of a crime of intimidation by federal agents." *Id*. According to Craig, the "crime of intimidation" occurred on June 4, 2009, June 11, 2009, August 26, 2010, and May 10, 2011. Am. Compl. [7] at 3 (CM/ECF pagination).

Craig brings this Complaint on forms available for prisoners seeking relief under 42 U.S.C. § 1983, and also states that he is filing his claims under *Bivens*[1] and §§ 1981, 1985, and 1986. Compl. [1] at 1, 4. Craig seeks "compensatory relief, punitive relief," attorney's fees, "injunctive relief" and "whatever relief this Court deems necessary and appropriate." *Id*. at 4; Am. Compl. [7] at 4 (CM/ECF pagination).[2]

II.     Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis,* and provides that "the court shall

---

[1]An action seeking damages for a constitutional violation by a federal agent is properly pursued as a *Bivens* action. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971). A *Bivens* action is considered the "federal analog" to suits brought against state actors under § 1983. *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006).

[2]In addition to this case, Craig has filed eight other Complaints in this Court against various individuals involved in his criminal case from witnesses and jurors to law enforcement officers, attorneys, and judges. *See Craig v. Ishee*, cause no. 3:16-cv-804; *Craig v. Gore*, cause no. 3:16-cv-805; *Craig v. Holmes*, cause no. 3:16-cv-806; *Craig v. Fountain*, cause no. 1:16-cv-372; *Craig v. Lawrence*, cause no. 1:16-cv-375; *Craig v. Taylor*, cause no. 1:16-cv-377; *Craig v. Taylor*, cause no. 1:16-cv-407; and *Craig v. King*, cause no. 1:16-cv-421.

dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Craig is proceeding *in forma pauperis*, his Complaint is subject to the case-screening procedures set forth in 28 U.S.C. § 1915 (e)(2). Having completed that screening, it is apparent that Craig's claims are barred by absolute witness immunity, the applicable statute of limitations, and by *Heck v. Humphrey*, 512 U.S. 477 (1994).

    A.    Witness Immunity

"Absolute immunity is immunity from suit rather than simply a defense against liability, and is a threshold question 'to be resolved as early in the proceedings as possible.'" *Hulsey v. Owens*, 63 F.3d 654, 356 (5th Cir. 1995) (quoting *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994)). Witnesses in grand jury proceedings and criminal trials are entitled to absolute immunity against § 1983 suits. *Rehberg v. Paulk*, 132 S.Ct. 1497, 1506 (2012); *see also Wafer v. Person,* 70 F. App'x 194, 195 (5th Cir. 2003) (absolute immunity for witness testimony extends to *Bivens* actions). Insofar as Craig claims his rights were violated by Lorraine's testimony during his criminal proceedings, Craig's claims are barred by absolute immunity. *Rehberg*, 132 S.Ct. at 1506-07; *see also Mowbray v. Cameron Cnty., Tex.*, 274 F.3d 269, 277-78 (5th Cir. 2001) (finding absolute witness immunity bars claims for conspiracy to commit perjury).

B.      Statute of Limitations

"A district court 'may raise the defense of limitations *sua sponte* . . . [and] [d]ismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations.'" *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). Claims brought under § 1983 or *Bivens* are controlled by the applicable state statute of limitations. *See Owens v. Okure*, 488 U.S. 235, 240 (1989) (§ 1983 claims); *Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999)(*Bivens* action); *see also Mitchell v. Crescent River Port Pilots Ass'n*, 265 F. App'x 363, 367, 367 n.3 (5th Cir. 2008) (citations omitted) (finding state's personal injury limitation period applies to claims under § 1981 and § 1985, but noting that § 1986 specifically includes a one-year statute of limitations). The applicable Mississippi statute of limitations period is three years. *See Rankin v. United States,* 556 F. App'x 305, 310 (5th Cir. 2014) (*Bivens* action); *James v. Sadler*, 909 F.2d 834, 836 (5th Cir. 1990) (§ 1983 claims); *see also* Miss. Code Ann. § 15-1-49 (1972), as amended.[3]

While Mississippi law governs the applicable limitations period, federal law governs when a claim accrues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (§ 1983 claims); *Rankin v. United States,* 556 F. App'x 305, 310 (5th Cir. 2014) (*Bivens*

---

[3]The Court recognizes that certain claims brought under the civil rights statutes, namely those made possible by a post-1990 Congressional enactment, are subject to the federal four-year catch-all statute of limitations set forth in 28 U.S.C. § 1658. *Jones v. R. R. Donnelley & Sons, Co.,* 541 U.S. 369, 382 (2004). The Court finds that none of Craig's purported claims qualify for application of § 1658.

action). An action accrues when a plaintiff has "a complete and present cause of action." *Wallace,* 549 U.S. at 388. As noted by the Fifth Circuit:

> Under federal law, the [limitations] period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. A plaintiff's awareness encompasses two elements: (1) the existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions. A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim. Actual knowledge is not required if the circumstances would lead a reasonable person to investigate further.

*Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal quotation marks and citations omitted); *see also Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008) (citing *Piotrowski*).

Craig filed this lawsuit in October 2016. His claims are premised on the inadequacies of his criminal conviction, including Lorraine's and Miller's alleged conspiracy to conceal evidence of a crime of intimidation. Craig specifically maintains that Lorraine's and Miller's purported conduct causing his injury occurred on June 4, 2009, June 11, 2009, August 26, 2010, and May 10, 2011. Am. Compl. [7] at 3 (CM/ECF pagination). Furthermore, any trial testimony provided by Lorraine occurred prior to Craig's conviction in 2011. Craig's claims accrued more than three years prior to Craig filing the present action in October 2016, and are therefore time-barred.

    C.    *Heck v. Humphrey*

Craig's claims regarding the validity of his criminal conviction are also subject

5

to dismissal under *Heck v. Humphrey*. *See* 512 U.S. 477 (1994). Under *Heck*, where a claim for damages would "necessarily imply" the invalidity of a conviction, such a claim is not cognizable unless and until the plaintiff obtains a favorable resolution of a challenge to his conviction. *Id.* at 487.

If the Court were to find in Craig's favor and determine that his criminal conviction is unconstitutional, it would necessarily imply the invalidity of his current term of imprisonment. Craig fails to demonstrate that his criminal conviction has been invalidated by any of the means set forth in *Heck*.[4] Therefore, Craig's claims that necessarily imply the invalidity of his imprisonment are barred by *Heck*. *Id.*; *Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994) (holding *Heck* applies to *Bivens* action); *see also Amaker v. Weiner*, 179 F.3d 48, 51 (2d Cir. 1999) (holding *Heck* also applies to claims under §§ 1981, 1985, and 1986).

### D. Habeas Corpus

To the extent Craig now seeks injunctive relief invalidating his conviction and releasing him from incarceration, he must pursue such relief through a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). As footnoted above, Craig is currently litigating a habeas corpus case in this Court. Any habeas claims Craig may be asserting in this civil action are dismissed without prejudice to Craig's pursuit of these claims in his pending habeas corpus case.

### III. Conclusion

---

[4]Craig is currently litigating a habeas corpus petition pursuant to 28 U.S.C. § 2254 in this Court. *See Craig v. MDOC*, cause no. 1:16-cv-371-LG-FKB (S.D. Miss.).

Having considered the pleadings and applicable law, the Court dismisses this civil action as frivolous.  *See* 28 U.S.C. § 1915(e)(2)(B)(i).  As noted, Lorraine is entitled to absolute immunity for his witness testimony, Craig's claims are barred by the statute of limitations and violate *Heck*.  *See Bates v. Price*, 368 F. App'x 594, 595 (5th Cir. 2010) (finding prisoner case barred by statute of limitations and dismissed as frivolous counts as a "strike" under § 1915(g));  *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996) (finding *Heck*-barred claims are legally frivolous);  *Boyd*, 31 F.3d at 285 (affirming frivolous dismissal of § 1983 claim based on absolute immunity).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this case is **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  This dismissal will count as a "strike" in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED AND ADJUDGED** that any habeas corpus claims asserted in this civil action are **DISMISSED WITHOUT PREJUDICE** to Plaintiff's pursuit of these claims in his pending habeas corpus case, *Craig v. MDOC*, no. 1:16-cv-371-LG-FKB (S.D. Miss.).

A separate final judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 23rd day of January, 2017.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE